IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETTY FORMAN,

          Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

          Defendant.

Case No. 3:13-cv-00589-SI

OPINION AND ORDER

Merrill Schneider, Schneider Kerr Law Offices, P.O. Box 14490, Portland, OR 97293. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Lars J. Nelson, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        Defendant Commissioner of Social Security ("the Commissioner") moves to dismiss this case pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6). Dkt. 10.

Because the Court lacks subject matter jurisdiction, Defendant's motion is GRANTED and the case is DISMISSED.

## STANDARDS

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Defendant challenges the Complaint's jurisdictional allegations. When a defendant factually challenges the plaintiff's assertion of jurisdiction, the Court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Such motions can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). In such situations, the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039.

### B.  Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiff  Betty Forman applied for disability insurance benefits ("DIB") on August 13, 2012. Her claim was denied initially on December 1, 2010, and on reconsideration on June 24, 2011. Compl. ¶ 4; Declaration of Robert Weigel at ¶ 3(a). Ms. Forman filed a request for a hearing before an administrative law judge ("ALJ") on January 31, 2012. Compl. ¶ 4. Her request for a hearing was dismissed as untimely and without a showing of good cause on

September 28, 2012. *Id.* ¶ 1. Ms. Forman applied for review of the ALJ's dismissal by the Appeals Council, arguing that she did not receive adequate notice of the denial of reconsideration. The Appeals Council denied her request for review on February 8, 2013; thereafter, Ms. Forman commenced this action seeking review of the ALJ's dismissal of her request for a hearing.

## DISCUSSION

The Commissioner moves to dismiss the Complaint based on: (1) the Court's lack of subject matter jurisdiction; and (2) Plaintiff's failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

## A.  Subject Matter Jurisdiction

Section 405(g) of Title 42 of the United States Code constrains the Court's subject matter jurisdiction over social security cases, limiting judicial review to "final decision[s] of the Commissioner of Social Security made after a hearing" 42 U.S.C. § 405(g); *see Johnson v. Shalala* 2 F.3d 918, 921 (9th Cir. 1993). If the requirements of § 405(g) are not satisfied, the Court has subject matter jurisdiction only if a claimant asserts a "colorable constitutional claim." *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

The Commissioner argues that the Court lacks subject matter jurisdiction because Ms. Forman failed both to satisfy § 405(g) and to present a colorable constitutional claim. Ms. Forman does not dispute that the Commissioner's discretionary decision to dismiss an untimely request for review is not a final decision under § 405(g) and therefore is not subject to judicial review. Ms. Forman contends, however, that the Court has subject matter jurisdiction because she has asserted a colorable constitutional claim. Specifically, Ms. Forman alleges that she "did not receive adequate notice of the denial of reconsideration, in violation of the Due

Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution."

Compl. ¶ 5.

A constitutional "claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (citation and quotation marks omitted). Although it is not necessary for a constitutional claim to be meritorious in order to be colorable, "[t]he mere allegation of a due process violation is not sufficient to raise a colorable constitutional claim to provide subject matter jurisdiction." *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (citation and quotation marks omitted). As explained by the United States Court of Appeals for the Ninth Circuit:

> [I]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the (Commissioner) would be [judicially] reviewable by the inclusion of [magic] words. Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review.

*Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993) (citation and quotation marks omitted) (bracketed alterations in original, parenthetical alteration added).

The Court may rely on evidence extrinsic to the Complaint to determine whether Ms. Forman's due process claim is colorable for the purpose of determining subject matter jurisdiction. *See See Terenkian*, 694 F.3d at 1131; *Robinson*, 586 F.3d at 685. The Commissioner submitted exhibits that demonstrate that the Social Security Administration ("the Agency") followed its standard procedure to notify Ms. Forman of the denial of her request for reconsideration, including sending a copy of the notice to her attorney. *See* Dkts. 10-1, 10-2. In support of Ms. Forman's allegation that she did not receive notice of the denial of reconsideration, she cites the declaration of her attorney, Merrill Schneider, in which Mr. Schneider describes the efficacy of his firm's procedures for handling incoming mail and

PAGE 5 – OPINION AND ORDER

denies the likelihood that his firm received the relevant notice. Declaration of Merrill Schneider ¶¶ 1, 2. Dkt. 11-1.

Ms. Forman does not dispute that both she and Mr. Schneider received correspondence from the Agency at their respective addresses both before and after the Agency allegedly failed to send the denial of Ms. Forman's request for reconsideration. She further admits that neither her nor her attorney's addresses changed during the relevant time period.

Ms. Forman's allegation that she did not receive the notice of the denial of Ms. Forman's request for reconsideration implicates the presumption of regularity, the presumptions created in the Social Security Act regulations, and the mailbox rule. "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926). Sending the notice is an official act of the Agency. A bare assertion that it is extremely unlikely that Ms. Forman or her attorney received the notice is insufficient to rebut the presumption that the Agency properly executed its duty to provide notice. *See Macpherson v. Shinseki*, 2013 WL 2169861, at *3 (Fed. Cir. May 20, 2013) (finding that claimant's allegation that he did not receive correspondence from Veteran Affairs was "[in]sufficient to rebut the presumption of administrative regularity") (unpublished). Additionally, the presumption is buttressed where, as in this case, there is evidence of prior receipt of correspondence at the same address. *Id.*

Social Security regulations establish a presumption that claimants receive notices from the Agency within five days of the date of the notice. *See* 20 C.F.R. 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."); 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of

receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). This is a rebuttable presumption.

The mailbox rule is "a long-established principle which presumes that, upon a showing of predicate facts that a communication was sent, the communication reached its destination in regular time." *Payan v. Aramark Mgmt. Svcs.*, 495 F.3d 1119, 1123 n.4 (9th Cir. 2007). It creates "a rebuttable presumption that the document was received by the addressee in the usual time." *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 962 (9th Cir. 2001). Application of this common law doctrine in presuming receipt of mailed documents in the context presented in this case is consistent with the Social Security Act Regulations establishing a presumption of receipt. Further, courts have applied the mailbox rule in social security cases. *See, e.g., Hinton v. Astrue*, 919 F.Supp.2d 999, 1006 (S.D. Iowa 2013); *Sandoval v. Astrue*, 2008 WL 3545760, at *3-4 (E.D. Wash. Aug. 8, 2008). In the context of this case, the Commissioner has provided sufficient evidence of mailing for purposes of the mailbox rule.

Ms. Forman and her attorney's "mere allegation" that it is unlikely that they received notice of the denial of reconsideration, is insufficient to rebut the presumption under the Social Security regulations and the mailbox rule that she received the notice. *See Schikore*, 269 F.3d at 963 (noting that, in the absence of registered or certified mail or an envelope returned as undeliverable, it is difficult to ascertain receipt or nonreceipt of a mailing and that is a situation that "exemplifies the reason for the common law's application of the mailbox rule" to avoid a "swearing contest"). It is also "not sufficient to raise a colorable constitutional claim to provide subject matter jurisdiction" *Anderson*, 230 F.3d at 1163. Considering all of the evidence before the Court, Ms. Forman fails to provide evidence sufficient to rebut the presumption that she

received the notice. Accordingly, she fails to make a colorable constitutional claim, and the Court does not have subject matter jurisdiction.

## B.  Failure to State a Claim

Even if the Court had subject matter jurisdiction, Ms. Forman's Complaint would be properly dismissed pursuant to Rule 12(b)(6). To state a claim sufficient to survive a 12(b)(6), Ms. Forman must allege facts sufficient to show a due process violation in order to render her claim that the Agency's decision was not supported by substantial evidence in the record appropriate for judicial review. Although the Federal Rules do not require fact pleading, "simply recit[ing] the elements of a cause of action" is insufficient. *Baca*, 652 F.3d at 1216.

Ms. Forman's allegation that she did not receive adequate notice does no more than recite an element of a due process violation. Her claim is a "legal conclusion … couched as [a] factual allegation[], and the Court need not accept it as true. *Iqbal,* 556 U.S. at 678-79. Thus, Ms. Forman fails to state a claim for a due process violation, making her claim for judicial review of the Agency's decision on her social security application improper. This deficiency could not be cured by an amendment.

## CONCLUSION

Defendant's Motion to Dismiss (Dkt. 10) is GRANTED, and this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 30th day of September 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge